IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00242-RJC-DSC

| | |
|---|---|
| DERRICK YOUNG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ROLLINS RENTALS, ) | |
| JERRY ROLLINS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's *pro se* complaint and his motion to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e).[1]

I. BACKGROUND

In his complaint, Plaintiff alleges that Defendant Rollins Rentals, which is owned by Defendant Jerry Rollins, is a rental property business and that Mr. Rollins hired Plaintiff to perform repair work and maintenance on some of Defendants' rental property. (3:15-cv-00242, Doc. No. 1: Complaint). Plaintiff contends that Defendant Rollins Rentals has refused to pay him for the work Plaintiff performed, and this has caused "increased anxiety attacks," "blurred vision" and mental disorders. Plaintiff seeks an order granting a lien on the property of Rollins Rentals and an award of damages for breach of contract and unfair and deceptive trade practices in an amount in excess of $100,000.

II. STANDARD OF REVIEW

---

[1] The Court has examined the motion to proceed *in forma pauperis* and finds that he does not have the present resources from which to pay the costs of this action. Therefore his motion will be allowed for the purpose of this initial review.

1

Plaintiff has filed a motion to proceed *in forma pauperis* and the Court must therefore examine the complaint to determine whether this Court has jurisdiction and to ensure that the action is not frivolous or malicious or that the complaint fails to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i),(ii); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners . . .").[2]

A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). While the pro se complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including those claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327. Although a court must accepted factual allegations as true in deciding whether a complaint states a claim for relief, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

III. DISCUSSION

Federal courts are courts of limited jurisdiction. After examining Plaintiff's complaint the Court finds that it must be dismissed for lack of subject matter jurisdiction. See Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure.") (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999)).

---

[2] In his complaint, Plaintiff contends that the defendant was acting under state law in an apparent effort to state a claim under 42 U.S.C. § 1983. (3:15-cv-00242, Compl. at 1-2 ¶ 2). Section 1983 claims are limited to those actions that are allegedly committed by state actors who have violated provisions of the Constitution or federal law. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). There is simply no plausible way to associate any of the alleged actions or omissions of Defendant Rollins Rentals with state action which could support a § 1983 claim.

The only conceivable way that this Court could exercise subject matter jurisdiction over Plaintiff's complaint is if he could establish that there was diversity of jurisdiction between Plaintiff and Defendant Rollins Rentals, and that the amount in controversy exceeded $75,000, exclusive of any interest or costs. See 28 U.S.C. § 1332. Plaintiff's complaint fails at the outset because according to the complaint, Defendant Rollins Rentals is a business that is located in Marshville, North Carolina, and Plaintiff is a citizen and resident of Charlotte, North Carolina. Accordingly, even if Plaintiff's allegation that his claim involved more than $75,000 in damages were accepted as true, he still would have failed to establish diversity of citizenship therefore the complaint must be dismissed.

The Court further notes that Plaintiff's application for a 90-day stay so that he might retain counsel will be denied as he has offered no additional allegations which could support subject matter jurisdiction. See Lovern, supra ("As we have recognized, a federal court is obliged to dismiss a case whenever it appears the court lacks subject matter jurisdiction.") (internal citations omitted).

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's complaint is **DISMISSED**. (Doc. No. 1).
2. Plaintiff's motion to proceed *in forma pauperis* is **GRANTED.** (Doc. No. 2).
3. Plaintiff's motion for a 90-day stay is **DENIED**. (Doc. No. 3).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: July 30, 2015

Robert J. Conrad, Jr.
United States District Judge